IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RACHELLE ANDERSON, 33994-097      * | |
|       Plaintiff, | |
| v.                                                                 * | CIVIL ACTION NO. RDB-07-947 |
| BALTIMORE SUN PAPER                       * | |
| ELIZABETH LUKES | |
| SHARAH GERING                                 * | |
|       Defendants. | |
|                                      *** | |

**MEMORANDUM OPINION**

On April 12, 2007, the Court received for filing a packet of papers from Plaintiff, an inmate housed at the Federal Prison Camp in Alderson, West Virginia.  Upon review of the documents it is readily apparent that Plaintiff wishes to file a defamation complaint, alleging that in April of 2005, The Baltimore Sun published an allegedly defamatory article written by Lukes and Gering linking Plaintiff to a drug ring and making reference to her conviction, background checks, experience, and education.  (Paper No. 1).   Plaintiff claims that she saw no reason why her federal conviction, occurring four years earlier, was relevant to the newspaper article. (*Id.*).   Attached to Plaintiff's "Memorandum" is a Federal Tort Claim Act ("FTCA") form setting out her allegations against Defendants. (*Id.*).

Insofar as Plaintiff seeks to invoke this Court's jurisdiction under 28 U.S.C. § 1346(b), her Complaint shall be dismissed. The FTCA provides a forum for individuals to file claims based upon alleged tortious conduct of federal agencies and employees. Section 1346(b) provides that:

> [T]he district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under

circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

The broad and just purpose which the FTCA statute was designed to effect was to compensate the victims of negligence in the conduct of *governmental* activities. *See Indian Towing Co. v. United States*, 350 U.S. 61, 68 (1955) (emphasis added). Simply put, the FTCA allows monetary recovery against the United States Government for damages caused by the negligent or wrongful acts of federal employees while acting within the scope of their employment. *See Andrews v. United States*, 441 F.3d 220, 222 (4th Cir. 2006). Plaintiff is leveling tort (defamation) claims against a corporate entity and private individuals. No governmental action is involved and she cannot invoke this Court's jurisdiction under the FTCA.[1] The Complaint shall be dismissed pursuant to Rule 12(h)(3), without requiring an answer. A separate Order follows.


Date:  April 18, 2007                         /s/
                                              RICHARD D. BENNETT
                                              UNITED STATES DISTRICT JUDGE

---

[1] The cause of action also fails to meet the threshold requirements for filing a tort complaint under 28 U.S.C. § 1332 (diversity) as Plaintiff has failed to demonstrate that she and Defendants are domiciled in different districts. For the purpose of § 1332(a), an individual's citizenship is determined by domicile. *See Williamson v. Osenton*, 232 U.S. 619, 624-25 (1914). A party's domicile is established at the time a case is filed, *see Freeport-McMoRan v. KN Energy, Inc.*, 498 U.S. 426, 428-29(1991), and it is determined by the party's place of residence and intent to remain in that place indefinitely. *See Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). It is well-established that a prisoner does not acquire a new domicile when she is incarcerated in a state different from her previous domicile. Instead, the prisoner retains her pre-incarceration domicile. *See* 15 James Wm. Moore et al., Moore's Federal Practice ¶ 102.37[8][a] (3d ed.1999) (collecting cases).